United States District Court
Southern District of Texas

**ENTERED**

June 17, 2026

Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Manuel Alejandro Ballester Gonzalez, *et al.*, | § § § | |
| Petitioners, | § § | |
| v. | § § | Civil No. 4:26-cv-2240 |
| Randy Tate, | § § | |
| Respondent. | § § | |

## NOTICE OF DEFICIENCY AND ORDER

Yudimir Coello Marino filed this petition on behalf of Manuel Alejandro Ballester Gonzalez, seeking a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241. Manuel Alejandro Ballester Gonzalez is currently detained by immigration officials at the Montgomery Processing Center. Doc. 1 at 1. The Court finds that Yudimir Coello Marino has not shown that she meets the requirements to represent Manuel Alejandro Ballester Gonzalez. The Court orders Yudimir Coello Marino to file a motion to represent Manuel Alejandro Ballester Gonzalez as next friend within seven days of this order, or, alternatively, orders Manuel Alejandro Ballester Gonzalez to file an amended petition under his own signature within seven days of this order if he intends to proceed without Yudimir Coello Marino.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codifies the "next friend" doctrine,

which authorizes a person to pursue an action on behalf of the person detained, but the detained individual remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990).

However, a putative "next friend" must establish standing before a federal court can exercise jurisdiction over a petition filed by him. Standing only exists in limited circumstances, and it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To establish standing, the filer seeking "next friend" status must (i) provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—as to why the real party in interest cannot appear on his own behalf to prosecute the action; (ii) establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate;" and (iii) demonstrate "some significant relationship with the real party in interest." *Id.* at 163–64.

The first criterion is critical; if the petition "does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (*per curiam*). And for all three showings, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status." *Whitmore*, 495 U.S. at 164.

The Petition does not satisfy that burden. It merely provides that Yudimir Coello Marino is a lawful permanent resident of the United States and is willing to provide financial support, housing assistance, and community supervision if Manuel Alejandro Ballester Gonzalez is released during his removal proceedings. Doc. 1 at 4. It does not explain why Manuel Alejandro Ballester Gonzalez cannot represent himself, establish that Yudimir

2

Coello Marino is truly dedicated to Manuel Alejandro Ballester Gonzalez's best interests, or demonstrate that Yudimir Coello Marino has a significant relationship with Manuel Alejandro Ballester Gonzalez.

The Court therefore ORDERS:

1. If Yudimir Coello Marino seeks to pursue this petition on Manuel Alejandro Ballester Gonzalez's behalf, she shall file a motion to proceed as next friend within **seven (7) days** of this order. The motion shall make a factual showing that she meets the criteria set forth above.

2. If Manuel Alejandro Ballester Gonzalez intends to prosecute this action on his own, he shall file an amended petition under his own signature within **seven (7) days** of this order. The amended petition shall be filed under the same case number currently assigned to the Petition. If Manuel Alejandro Ballester Gonzalez does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(b).

Failure to comply fully within the time allotted above may result in the dismissal of this proceeding without further notice.

The Clerk of Court shall send a copy of this order to Yudimir Coello Marino and Manuel Alejandro Ballester Gonzalez.

**SO ORDERED.**

3

**SIGNED** at Houston, Texas, on the 17th of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge